UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
DIMITRA STEPHANIDES,

                Plaintiff,                              **MEMORANDUM**
    -against-                                      **AND    ORDER**
                                                        12 CV 0083 (CLP)
BJ'S WHOLESALE CLUB, INC.,

                Defendant.
----------------------------------------------------X

On December 8, 2011, plaintiff Dimitra Stephanides ("Stephanides" or "plaintiff") commenced this negligence action against defendant BJ's Wholesale Club, Inc. ("BJ's" or "defendant"), seeking damages for the injuries she allegedly suffered on August 12, 2011, while shopping at the BJ's in College Point, New York. On January 6, 2012, this action was removed to federal court. By Notice of Motion dated December 14, 2012, defendant moves for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, on the grounds that plaintiff has failed to sustain her burden of proving a <u>prima facie</u> case of negligence against defendant. For the reasons set forth below, defendant's motion is granted.[1]

## FACTUAL BACKGROUND

On August 12, 2011, at approximately 9:30 a.m., plaintiff Stephanides was shopping with her husband, Lazarus Stephanides ("Mr. Stephanides"), at the BJ's located at 137-05 20th

---

[1] On May 31, 2012, the parties consented to the jurisdiction of this Court for all purposes, including the entry of judgment.

1

Avenue, College Point, New York. (Def.'s 56.1 Stmnt[2] ¶ 1; Pl.'s 56.1 Stmnt[3] ¶ 1). On that morning, BJ's opened at 9:00 a.m., no more than 30 minutes before the plaintiff's accident. (Def.'s 56.1 Stmnt ¶ 2; Pl.'s 56.1 Stmnt ¶ 2). According to the plaintiff, she had completed her shopping and was waiting near register 16 to pay for her items, when she stepped on a "big reddish color grape on the light colored floor." (Wiese Aff.[4] ¶¶ 4, 5; Ex. G[5] at 6-7, 14-15, 17, 27-28, 37-38; Def.'s 56.1 Stmnt ¶¶ 3, 4; Pl.'s 56.1 Stmnt ¶¶ 3, 4). When Ms. Stephanides stepped on the grape, her left foot slipped and "her body spread out causing her waist and knees to twist." (Wiese Aff. ¶¶ 5, 6; Ex. G at 33-34). She managed to stabilize herself and avoided falling. (Wiese Aff. ¶ 6; Ex. G at 33-34).

At the time Ms. Stephanides slipped, she was walking behind her husband, who was pushing the shopping cart. (Def.'s 56.1 Stmnt ¶ 7; Pl.'s 56.1 Stmnt ¶ 7). Mr. Stephanides did not see the plaintiff's accident. (Def.'s 56.1 Stmnt ¶ 8; Pl.'s 56.1 Stmnt ¶ 8). Although the grape was dark in color, neither plaintiff nor her husband saw the grape on the floor before plaintiff crushed it; neither knew how it had gotten there, or how long it had been there. (Def.'s 56.1 Stmnt ¶¶ 6, 9, 10, 11; Pl.'s 56.1 Stmnt ¶¶ 6, 9, 10, 11). Although plaintiff and her husband had water and meat in their cart, they did not have any fruit. (Wiese Aff. ¶ 4; Ex. G at 21).

---

[2]Citations to "Def's. 56.1 Stmnt" refer to the Defendant's Local Rule 56.1 Statement of Material Facts, dated December 12, 2012.

[3]Citations to "Pl.'s 56.1 Stmnt" refer to the Plaintiff's Local Rule 56.1 Statement of Material Facts, dated January 14, 2013.

[4]Citations to "Wiese Aff." refer to the Affirmation of Andrew Wiese, Esq., filed January 15, 2013.

[5]Citations to "Ex. G" refer to the Deposition Transcript of Dimitra Stephanides, taken on September 26, 2012.

Defendant contends that there is no evidence that BJ's either caused the grape to be on the floor or was aware that the grape was on the floor before plaintiff slipped. (Def.'s 56.1 Stmnt ¶¶ 12, 13). According to defendant, no one complained about fruit being on the floor in the vicinity of the plaintiff's accident; there was no dirt or debris near the crushed grape; and there were no footprints or trackmarks of a shopping cart near the crushed grape. (Def.'s 56.1 Stmnt ¶¶ 14, 15, 16; Pl.'s 56.1 Stmnt ¶¶ 14, 15, 16).

Defendant contends, and plaintiff does not dispute, that BJ's Asset Protection Team conducts a pre-opening inspection of the store to ensure that there is no debris on the floor when the store opens. (Def.'s 56.1 Stmnt ¶¶ 17; Pl.'s 56.1 Stmnt ¶ 17). Similarly, prior to the store opening, the Front Line Manager inspects the front of the store, including the area where the accident occurred, and the Senior Manager conducts an investigation of the entire store. (Def.'s 56.1 Stmnt ¶¶ 18, 19; Pl.'s 56.1 Stmnt ¶¶ 18, 19). Maintenance teams not only clean the store every morning before it opens, but they inspect the floor as well. (Def.'s 56.1 Stmnt ¶¶ 20, 21; Pl.'s 56.1 Stmnt ¶¶ 20, 21). Maintenance teams and the Front Line Manager conduct inspections every 10 to 15 minutes to ensure that the store is clean and all BJ's employees are trained to patrol the aisles for dangerous conditions. (Def.'s 56.1 Stmnt ¶¶ 23, 24; Pl.'s 56.1 Stmnt ¶¶ 23, 24).

Defendant contends that on the morning of the accident, the floor was clean when the store opened. (Def.'s 56.1 Stmnt ¶ 22). Defendant further contends that Luis Almonte, who was working as the Front Line[6] Manager that day, inspected the floor every 10 to 15 minutes as part

---

[6]Paragraph 25 of Defendant's Rule 56.1 Statement inadvertently refers to Mr. Almonte's position as the "Front End Manager" rather than the "Front Line Manager." In his deposition, Mr. Almonte clarified that the "Front Line" refers to "the front end" of the store, where the cash

3

of his routine inspections. (Id. ¶¶ 25, 26). Thus, defendant takes the position that there is no evidence that BJ's was aware of the grape on the floor prior to the time that plaintiff slipped. (Id. ¶ 13).

Plaintiff agrees with much of the defendant's statement of material facts, but disputes that BJ's did not have constructive notice of the grape given its proximity to the registers and the fact that it was visible. (Pl.'s 56.1 Stmnt ¶ 12). Plaintiff further argues that because none of the defendant's witnesses conducted record searches, and no checklist of an inspection prior to the opening of the store was ever produced, a question of fact exists as to whether BJ's was on notice or should have been on notice of the grape spill prior to the accident. (Pl.'s 56.1 Stmnt ¶¶ 12, 14).

## DISCUSSION

Defendant moves for summary judgment on the grounds that plaintiff has failed to establish a <u>prima facie</u> case of negligence against BJ's under New York law, which requires a showing that defendant either created the condition or had notice of the condition that allegedly caused plaintiff's injury.

A. <u>Summary Judgment Standards</u>

It is well-settled that a party moving for summary judgment has the burden of establishing that there is no genuine issue of material fact in dispute and that the moving party is entitled to judgment as a matter of law. See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986); <u>Thompson v. Gjivoje</u>, 896 F.2d 716, 720 (2d Cir. 1990). Since summary judgment is an extreme

---

registers are located. (Deposition Transcript of Luis Almonti, taken on September 26, 2012 ("Ex. I") at 7).

4

remedy, cutting off the rights of the non-moving party to present a case to the jury, see Egelston v. State Univ. Coll. at Geneseo, 535 F.2d 752, 754 (2d Cir. 1976); Gibralter v. City of New York, 612 F. Supp. 125, 133-34 (E.D.N.Y. 1985), the court should not grant summary judgment unless it is clear that all of the elements have been satisfied. See Auletta v. Tully, 576 F. Supp. 191, 194 (N.D.N.Y. 1983), aff'd, 732 F.2d 142 (2d Cir. 1984). In addition, "'the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (quoting United States v. Diebold, Inc., 369 U.S. 654, 655 (1962)).

Once the moving party discharges its burden of proof under Rule 56(c) of the Federal Rules of Civil Procedure, the party opposing summary judgment "has the burden of coming forward with 'specific facts showing that there is a genuine issue for trial.'" Phillips v. Kidder, Peabody & Co., 782 F. Supp. 854, 858 (S.D.N.Y. 1991) (quoting Fed. R. Civ. P. 56(e)). Rule 56(e) "provides that a party opposing a properly supported motion for summary judgment may not rest upon mere allegation or denials of his pleading." Anderson v. Liberty Lobby, Inc., 477 U.S. at 256. Indeed, "the mere existence of some alleged factual dispute between the parties" alone will not defeat a properly supported motion for summary judgment. Id. at 247-48 (emphasis added).

In reversing a grant of summary judgment, the Second Circuit noted that the "[t]rial court's task at the summary judgment motion stage of litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them." Quaratino v. Tiffany & Co., 71 F.3d 58, 65 (2d Cir. 1995) (quoting Gallo v. Prudential Residential Servs., L.P., 22 F.3d 1219, 1224 (2d Cir. 1994)).

B.  Elements of a Negligence Claim

Plaintiff has alleged that defendant BJ's was negligent in its duty to maintain the supermarket floor in a condition free from foreign substances. It is well-established that negligence is conduct that "falls beneath the standard of care which would be exercised by a reasonably prudent person in similar circumstances at the time of the conduct at issue." Banco Multiple Santa Cruz, S.A. v. Moreno, 888 F. Supp. 2d 356, 374 (E.D.N.Y. 2012) (citing Harper v. United States, 949 F. Supp. 130, 132 (E.D.N.Y. 1996)). A plaintiff seeking to establish a prima facie case of negligence must show: (1) the defendant owed a duty to the plaintiff to exercise reasonable care; (2) the defendant breached that duty; and (3) the plaintiff was injured as a result of the defendant's breach. Infanti v. Scharpf, No. 06 CV 6552, 2012 WL 511568, at *8 (E.D.N.Y. Feb. 15, 2012) (citing Harper v. United States, 949 F. Supp. at 132), reconsideration denied, 2012 WL 824018 (E.D.N.Y. Mar. 9, 2012).

The New York Court of Appeals has consistently instructed that "negligence cases by their very nature do not lend themselves to summary dismissal 'since often, even if all parties are in agreement as to the underlying facts, the very question of negligence is itself a question for jury determination.'" McCummings v. New York City Transit Auth., 81 N.Y.2d 923, 926, 613 N.E.2d 559, 560 (1993) (quoting Ugarizza v. Schmieder, 46 N.Y.2d 471, 474, 414 N.Y.S.2d, 304, 305, 386 N.E.2d 1324, 1325 (1979) and citing Andre v. Pomeroy, 35 N.Y.2d 361, 364, 362 N.Y.S.2d 131, 133, 320 N.E.2d 853, 854 (1974)); see also Cerbelli v. City of New York, No. 99 CV 6846, 2008 WL 4449634, at *23 (E.D.N.Y. Oct. 1, 2008) (finding that "[b]ecause negligence claims usually present significant material factual disputes, they 'typically' are 'not amenable to summary dismissal'").

C. Notice of a Dangerous Condition

Under New York law, a defendant who seeks to dismiss a complaint involving a slip and fall accident such as this must, on a motion for summary judgment, "make a prima facie showing affirmatively establishing the absence of notice as a matter of law." Dwoskin v. Burger King Corp., 249 A.D.2d 358, 671 N.Y.S.2d 494, 495 (2d Dep't 1998) (citing cases). However, "the issue of what burden a movant for summary judgment bears when the ultimate burden of proof lies with the non-movant is procedural rather than substantive, under the distinction created by Erie R. Co. v. Tompkins, 304 U.S. 64 (1938) and its progeny, and accordingly is subject to federal rather than state law. Tingling v. Great Atl. & Pac. Tea Co., No. 02 CV 4196, 2003 WL 22973452, at *2 (S.D.N.Y. Dec. 17, 2003). Thus, although the defendant bears the first burden in this case, it may be discharged by showing that there is an absence of evidence to support the plaintiff's case. Id. (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)).

In response, the plaintiff has the burden of proving a prima facie case of negligence. Id. To establish a prima facie case, a plaintiff must show the existence of a dangerous or defective condition, and that the defendant either created the condition, had actual knowledge of the condition, or had constructive knowledge of it and failed to correct the condition within a reasonable time. Boutsis v. Home Depot, 371 F. App'x 142, 143 (2d Cir. 2010) (citing Hascup v. Hascup, No. 96 CV 271, 1997 WL 454295, at *1 (N.D.N.Y. 1997) (citing Lowrey v. Cumberland Farms, Inc., 162 A.D.2d 777, 778, 557 N.Y.S.2d 689, 690-91 (3d Dep't 1990))).

In establishing the existence of a dangerous or defective condition, a prima facie case may be based on the unrebutted testimony of an interested witness that is found not to be incredible as a matter of law. See Richardson v. Monadnock Const., Inc., 23 Misc. 3d 1118(A), 886 N.Y.S.2d

7

72 (2009) (finding that plaintiff had established a prima facie case based in part on plaintiff's uncontroverted evidence); Dillon v. Motorcycle Safety Sch., Inc., 22 Misc. 3d 1127(A), 880 N.Y.S.2d 872 (2008), aff'd, 59 A.D.3d 280, 872 N.Y.S.2d 669 (1st Dep't 2009) (denying defendants' motion for summary judgment where plaintiff's unrebutted testimony presented evidence of defendants' or their employees' gross negligence). Viewing the facts in the present case in the light most favorable to the nonmoving party, it is reasonable for a jury to find, based on Ms. Stephanides' unrebutted testimony, that there was a grape on the floor near the register and that a dangerous or unsafe temporary slippery condition did exist. (Pl.'s 56.1 Stmnt ¶¶ 4-6). While the mere fact that a floor is wet is not sufficient to establish the existence of a dangerous condition, Harper v. United States, 949 F. Supp. at 133 (citing Miller v. Gimbel Bros., Inc., 262 N.Y. 107, 108, 186 N.E. 410, 411 (1933)); see also Wessels v. Service Merchandise, Inc., 187 A.D.2d 837, 837, 589 N.Y.S.2d 971, 971 (3rd Dep't 1992), "where the defendant causes or permits a temporary slippery condition to exist, there may be liability." Kelsey v. Port Auth. of New York & New Jersey, 52 A.D.2d 801, 383 N.Y.S.2d 347, 348 (1st Dep't 1996) (citing Schumm v. 25th Properties, Inc., 283 N.Y. 723, 28 N.E.2d 725 (1940)); see also Weston v. United States, No. 03 CV 5430, 2007 WL 1871412, at *6 (E.D.N.Y. June 28, 2007).

Plaintiff is also "'required to show either actual or constructive notice of the condition causing the fall and this necessitate[s] proof that defendant created the condition or that it had a reasonable opportunity to remedy the situation.'" Sosa v. Golub Corp., 273 A.D.2d 762, 763, 710 N.Y.S.2d 171, 172 (3d Dep't 2000) (quoting Grimes v. Golub Corp., 188 A.D.2d 721, 721-22, 590 N.Y.S.2d 590 (3d Dep't 1992)); see also Adams v. Alexander's Dep't Stores of Brooklyn, Inc., 226 A.D.2d 130, 131, 639 N.Y.S.2d 826, 827 (1st Dep't 1996) (holding that

"plaintiff must demonstrate that defendant either created the condition which proximately caused her injury or that defendant had actual or constructive notice of the hazardous condition and failed to correct it") (citations omitted).

In considering whether a defendant has actual or constructive notice of a dangerous condition, the trier of fact should examine "the type of premises involved, and [consider] that when an owner or operator '. . . invites the participation of the public in his operation, necessarily he must recognize and be ready to discharge a heightened duty arising out of dangers reasonably to be expected from that participation.'" Kelsey v. Port Auth. of New York & New Jersey, 52 A.D.2d at 801, 383 N.Y.S.2d at 347 (quoting Cameron v. H. C. Bohack Co., 27 A.D.2d 362, 365, 280 N.Y.S.2d 483, 486 (2d Dep't 1967)); see also Basso v. Miller, 40 N.Y.2d 233, 241, 386 N.Y.S.2d 564, 567, 352 N.E.2d 868 (1976) (holding that under New York law, a landowner has a duty to maintain his property in a reasonably safe condition considering all of the circumstances including the likelihood and seriousness of the injury, and the burden of avoiding the risk).

Actual notice may be found where a defendant creates the defective condition or receives reports about it such that actual knowledge can be inferred. Smith v. New York Enter. Am., Inc., No. 06 CV 3082, 2008 WL 2810182, at *5 (S.D.N.Y. July 21, 2008) (citing McHale v. Westcott, 893 F. Supp. 143, 148, (N.D.N.Y. 1995)). A defendant is considered to have constructive notice of a defect if the defect is "visible and apparent" and in existence "for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it." Silverman v. United States, No. 04 CV 5647, 2008 WL 1827920, at *14 (E.D.N.Y. Mar. 28, 2008) (quoting Gordon v. American Museum of Natural History, 67 N.Y.2d 836, 837-38, 501 N.Y.S.2d 646, 647, 492 N.E.2d 744, 745 (1986)). "A 'general awareness' that a dangerous condition 'may be

present' is legally insufficient to charge defendant with constructive notice of the specific condition that caused plaintiff's injuries. Id.

In the absence of any evidence showing that the condition existed for a sufficient period of time prior to the accident, there is "'the possibility that the condition may have emanated only moments before the accident, through no fault or with no knowledge of the defendant, any other conclusion being pure speculation.'" Deegan v. 336 East 50th St. Tenants Corp., 216 A.D.2d 59, 60, 627 N.Y.S.2d 383, 384 (1st Dep't 1995) (quoting Grier v. R.H. Macy & Co., 173 A.D.2d 238, 569 N.Y.S.2d 447 (1st Dep't 1991)). Thus, in cases where the plaintiff is unable to establish how long the condition causing the accident existed prior to the accident, courts have entered summary judgment in favor of the defendant. See, e.g., Gordon v. Am. Museum of Natural History, 67 N.Y.2d 836, 492 N.E.2d 774 (holding that the case should not have gone to the jury where there was no evidence that anyone, including plaintiff, had seen the piece of paper on which plaintiff slipped prior to the accident or any evidence to indicate whether the paper had been there for some period of time); Dwoskin v. Burger King Corp., 249 A.D.2d 358, 671 N.Y.S.2d 494 (finding plaintiff's claim that he slipped and fell on a puddle of water and melting ice located 3 to 4 feet from a self-service beverage counter insufficient to establish notice where 10 minutes before the accident, an employee inspected the area and did not see the puddle); Deegan v. 336 East 50th Street Tenants Corp., 216 A.D.2d 59, 627 N.Y.S.2d 383 (reversing denial of defendant's summary judgment where plaintiff failed to establish how long certain food waste had existed in front of the defendant's building prior to her fall); Garcia v. N.Y. City Hous. Auth., 183 A.D.2d 619, 584 N.Y.S.2d 20 (1st Dep't 1992) (reversing denial of defendant's summary judgment motion where plaintiff failed to establish the length of time that the puddle in

which she slipped had remained on the stairwell).

The fact that the defendant learns of the condition as a consequence of plaintiff's accident is not sufficient to establish notice. Cuntan v. Hitachi KOKI USA, Ltd., No. 06 CV 3898, 2009 WL 3334364 (E.D.N.Y. Oct. 15, 2009) (citing Fasolino v. Charming Stores, Inc., 77 N.Y.2d 847, 569 N.E.2d 443, 567 N.Y.S.2d 640 (1991)).

D.  Application

Defendant contends that there is no evidence to support a claim that BJ's was responsible for creating the condition, nor can plaintiff show that BJ's actually knew that the grape was on the floor. (Def.'s Mem.[7] at 6-7). To the contrary, defendant argues that the undisputed facts establish that there is no evidence that BJ's received any complaints about the grape prior to the accident and that it was BJ's custom and practice to clean and inspect the store prior to opening and throughout the day in 10 to 15 minute intervals. (Def.'s 56.1 Stmnt ¶¶ 14, 17-21, 23; Pl.'s 56.1 Stmnt ¶¶ 14, 17-21, 23).

BJ's further argues that plaintiff cannot proffer any evidence to show that BJ's had constructive notice of the grape in that it was visible and apparent for a sufficient length of time to allow BJ's employees to discover and remedy it. (Def.'s Mem. at 7). Indeed, Customer Service Manager Dexter Gant testified that he inspected the area where the plaintiff slipped approximately 30 minutes prior to the accident and saw no debris on the floor. (DeLuca Aff.,[8]

---

[7] Citations to "Def.'s Mem." refer to Defendant BJ's Memorandum of Law in Support of Motion for Summary Judgment, dated December 12, 2012.

[8] Citations to "DeLuca Aff." refer to the Affidavit in Support of defendant's summary judgment motion by Sal F. DeLuca, Esq., dated December 12, 2012.

Ex. H[9] at 18-20). The testimony further establishes that the Maintenance Team inspects that area of the store every 10 to 15 minutes and that the Front Line Managers also conduct inspections every 10-15 minutes. (Id., Ex. I at 22-25). Defendant notes that plaintiff admitted that she crushed the grape as a result of stepping on it and that she saw no other debris in the area. (Def.'s Mem. at 9; Def.'s 56.1 Stmnt ¶¶ 5, 15; Pl.'s 56.1 Stmnt ¶¶ 5, 15). Plaintiff's husband also testified that his wife stepped on the grape, causing it to squish. (Def.'s Mem. at 10 (quoting DeLuca Aff., Ex. N[10] at 18-19)).[11]

Defendant cites Tingling v. The Great Atlantic & Pacific Tea Co., 2003 WL 22973452, as support for its argument that summary judgment is appropriate in this case. In Tingling, the plaintiff fell on the floor and noticed that there were grapes on the floor near where she had fallen. Id. However, because plaintiff was unable to produce any evidence showing how long the grapes had been there prior to her fall, the court granted summary judgment in the defendant's favor. Id. See also Aggrey v. The Stop & Shop Supermarket Co., No. 00 CV 7999, 2002 WL 432388 (S.D.N.Y. Mar. 19, 2002) (granting defendant's motion for summary judgment where plaintiff was unable to show that the grapes were on the floor for an appreciable length of time prior to her fall). Similarly, in Ortiz v. Pathmark Store, Inc., the court dismissed plaintiff's case even though she had noticed grapes on the floor in a different area of the store approximately 15 minutes before her fall. No. 03 CV 40, 2004 WL 2361674 (S.D.N.Y. Oct. 20,

---

[9]Citations to "Ex. H" refer to the Deposition Transcript of Dexter Gant, taken on September 26, 2012.

[10]Citations to "Ex. N" refer to the Deposition Transcript of Lazarus Stephanides, taken November 16, 2012.

[11]Defendant's Memorandum incorrectly cites to Ex. M rather than Ex. N.

2004), aff'd, No. 04 CV 6146, 2005 WL 2899864 (2d Cir. Nov. 3, 2005). The court concluded that Ms. Ortiz's testimony about grapes in a different location was not sufficient to establish that there were grapes on the floor near the accident location for any length of time sufficient to provide constructive notice.

Perhaps most analogous to the instant case, the court in Rojas v. Supermarkets General Corporation, held that there was no evidence of constructive or actual knowledge and that the "evidence was just as consistent with a finding that someone had dropped the grapes and crushed them while pushing a shopping cart through the aisle shortly before plaintiff fell." 238 A.D.2d 393, 394, 656 N.Y.S.2d 346 (2d Dep't 1997). Any speculation that the grapes had been on the floor for any length of time was nothing more than speculation and not sufficient to raise a triable issue of fact. Id. But see Kelsey v. Port Auth. of New York & New Jersey, 383 N.Y.S.2d at 348, 52 A.D.2d at 801 (finding constructive notice where an employee of the store owner was in close proximity to the dangerous condition).

In arguing that summary judgment should not be granted in this case, plaintiff argues that defendant has failed to produce any documentary evidence to demonstrate when the area of the accident had last been inspected. (Wiese Aff. ¶ 29). Plaintiff contends that the testimony presented fails to indicate whether either Mr. Carter or Mr. Almonte ever performed a search of the records to determine whether there was any record of the incident. (Id. ¶ 30). Moreover, although defendant presented witnesses who testified about BJ's practice of conducting store inspections, including the checklist which was prepared by the loss prevention employee and signed by the manager, plaintiff argues that no checklist has been produced. (Id. ¶ 31). Plaintiff complains that, despite her demand for photographs or surveillance tapes of the plaintiff and any

13

repair or inspection records, defendant responded that it was "not in possession of any photographs or videotapes responsive to this demand," and that "BJ's does not prepare records concerning employee inspections and/or cleaning of the floor by employees in the area where the plaintiff's alleged accident took place." (Id. ¶ 36, Pl.'s Ex. B[12]). Plaintiff also contends that "the depositions of Mr. Gant and Mr. Almonte do not reveal whether they performed any record searches before appearing for their depositions. . . .There is a distinct difference between performing a search which reveals no prior notice and not performing a search at all."[13] (Id. ¶ 37). Plaintiff argues that even though the witnesses claim that they had no knowledge of any prior complaints or incidents, the fact that they performed no search for any records means that defendant cannot meet its burden of establishing lack of notice.

In response to plaintiff's arguments, defendant points to the testimony of Mr. Almonte, indicating that no photographs were taken of the accident, nor was the accident captured on BJ's surveillance system. (Def.'s Reply[14] at 10 (citing Ex. I at 60-61)). Thus, defendant argues that no adverse inference should be drawn from the fact that BJ's did not produce such evidence. (Id.) Similarly, to the extent that plaintiff argues that the defendant's witnesses failed to make any reference to performing record searches before their depositions, defendant contends that this

---

[12]Citations to "Pl.'s Ex. B" refer to defendant's Response to Plaintiff's Demand for Production of Documents, dated August 27, 2012.

[13]Although plaintiff cites to Plaintiffs Exs. H, I, J, K, L, and M to support her assertion that "none of the defendant[']s witness[es] performed any record searches" (Wiese Aff. ¶¶ 12, 14, 22), plaintiff does not cite to any particular parts of these exhibits. Nevertheless, based on the Court's review of the documents cited, there is no evidence that Mr. Gant or Mr. Almonte were ever asked whether they performed a records search.

[14]Citations to "Def.'s Reply" refers to the Defendant BJ's Reply Memorandum of Law in Support of Motion for Summary Judgment, dated January 25, 2013.

constitutes "a desperate attempt to create an issue of fact where none exists." (Id. at 13). BJ's witnesses, the Front Line Manager, Luis Almonte, and the Front Line Supervisor, Dexter Gant, each had an independent recollection of working that day and dealing with the plaintiff. (Id. at 14). Their testimony establishes that at the time they performed their inspections, which was minutes before the accident, the floor was clean. (Id.) Since BJ's prepares no records that would reflect this, one way or the other, there would be no records to check.

BJ's also argues that it does not prepare inspection or cleaning logs, nor did plaintiff ever demand production of the pre-opening checklist, even after the depositions of Mr. Almonte and Mr. Gant. (Id. at 11). Even if she had demanded production of the checklist, defendant argues that the checklist would not have provided evidence supportive of plaintiff's position because it is clear that the condition which caused plaintiff to slip - the grape - was clearly transitory; the fact that it may not be mentioned on the checklist is of no assistance in determining whether there was notice or not.

Moreover, BJ's contends that to the extent that plaintiff now seems to be seeking additional discovery, she has failed to comply with the requirements of Federal Rule of Civil Procedure 56(d),[15] in that she has not submitted an affidavit explaining how the discovery she seeks would create an issue of fact or is necessary in order for her to adequately respond to the motion for summary judgment. See Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 926 (2d Cir. 1985); see also Paddington Partners v. Bouchard, 34 F.3d 1132, 1138 (2d Cir. 1994). Discovery requested pursuant to Rule 56(d) is "designed to enable a

---

[15]Although defendant's papers reference Rule 56(f), the Rule was amended in 2010 and former subdivision (f) became 56(d).

plaintiff to fill material evidentiary gaps in its case in an effort to withstand summary judgment." Capital Imaging Assocs., P.C. v. Mohawk Valley Med. Assocs., Inc., 725 F. Supp. 669, 680 (N.D.N.Y. 1989). The plaintiff must not only demonstrate that the material sought is "germane" but also that "it is neither cumulative or speculative." Paddington Partners v. Bouchard, 34 F.3d at 1138.

Here, although plaintiff argues that discovery is necessary because the defendant's witnesses did not indicate if they had searched for records and because no checklists have been provided, plaintiff has not indicated in affidavit form that this information, even if it exists, would be "germane" to her claim that the defendant was on notice of the dangerous condition. Accordingly, the Court denies the motion under Rule 56(d) for additional discovery.

In ruling on a motion for summary judgment, this Court must "'assess whether there are any factual issues to be tried, while resolving ambiguities and drawing reasonable inferences against the moving party.'" Anderson v. Pathmark Stores, Inc., No. 96 CV 3672, 1999 WL 349707, at *3 (S.D.N.Y. May 27, 1999) (quoting Knight v. U.S. Fire Ins. Co., 804 F.2d 9, 11 (2d Cir. 1986), cert. denied, 480 U.S. 932 (1987)) (denying summary judgment to defendant in slip and fall case in a store where "at least two possibilities" could explain the existence of a salad oil spill and holding that "[i]t is the province of the jury, not the Court, to decide what actually happened"); see also Olesky v. Nat'l R.R. Passenger Corp., No. 97 CV 3529, 1999 WL 595637 (S.D.N.Y. Aug. 5, 1999) (denying defendant's motion for summary judgment in slip and fall case where issue of fact existed as to whether defendant created or had notice of hazardous condition); Goddard v. Delta Airlines, Inc., No. 91 CV 2254, 1997 WL 12022 (E.D.N.Y. Jan. 8, 1997) (denying defendant's motion for summary judgment where issues of fact existed as to whether

defendant created the hazardous condition and had actual or constructive notice of the condition).

The Court recognizes that summary judgment motions in negligence cases are rarely granted by New York courts due to the existence of multiple factual issues which must be decided by a trier of fact. See, e.g., Olesky v. Nat'l R.R. Passenger Corp., 1999 WL 595637, at *2 (citing Selvaggi v. Grand Union Co., No. 96 CV 2077, 1997 WL 786943, at *2 (S.D.N.Y. Dec. 22, 1997) (collecting cases)). However, in this case, there are no competing inferences that may be drawn from the evidence. Plaintiff has not tendered any evidence which, if viewed in the light most favorable to plaintiff and affording plaintiff all reasonable inferences, would allow the trier of fact to reasonably infer notice on the part of defendant. See DiFranco v. Golub Corp., 241 A.D.2d 901, 660 N.Y.S.2d 514 (3d Dep't 1997); accord Ellis v. Cnty. of Albany, 205 A.D.2d 1005, 613 N.Y.S.2d 983 (3d Dep't 1994) (holding that even in the absence of direct evidence regarding proximate cause, the court may find sufficient proof of negligence based upon the logical inferences to be drawn).

Here, plaintiff has established that the plaintiff slipped on a grape near the register, where people check out. She does not dispute the defendant's assertion that no one filed a complaint or brought the condition to the attention of anyone at BJ's. She also does not dispute the procedures that BJ's employees have testified to regarding the various inspections that they conduct prior to the opening of the store or during the day. Given the time that the accident is alleged to have occurred, less than an hour after the store opened, and given the absence of any evidence that the store was on notice of the existence of the grape, the Court grants defendant's motion for

summary judgment.[16]

## CONCLUSION

For the reasons stated herein, defendant's motion for summary judgment is granted in its entirety. The Clerk of Court is directed to close the case.

**SO ORDERED.**
Dated: Brooklyn, New York
April 17, 2013

/s/ Cheryl L. Pollak
_____
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York

---

[16]Plaintiff also argues that there is a triable issue of fact as to the condition of the floor at the time of plaintiff's accident. (Pl.'s Mem. ¶¶ 44-64). Having found that plaintiff could establish that a dangerous condition existed, but that she has failed to present any evidence that defendant created or had notice of the condition, the Court need not address this aspect of plaintiff's argument. Similarly, plaintiff has requested that the Court disregard as evidence the Affidavit of defense witness Merida Cabrera, because Ms. Cabrera was never disclosed as a witness until the present motion was filed. Since the Court finds that the record, even without Ms. Cabrera's Affidavit, clearly shows that summary judgment is warranted in favor of the defendant, the Court finds no need to rule on plaintiff's request, and has not considered Ms. Cabrera's Affidavit in connection with this motion.

18